---

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

Stephen R. Ludwig, Clerk                                                www.innd.uscourts.gov

November 6, 2007



FILED
November 9, 2007
NOV 0 9 2007
CLERK U.S. DISTRICT COURT

07cr698

Clerk, U.S. District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Dear Sir or Madam:

    Enclosed are certified copies of the indictment, judgment and docket sheet in our case 3:05cr51 RM, USA v Chan Lop Tzan.

    Let us know if additional information is needed.

                            Sincerely,

                            STEPHEN R. LUDWIG, CLERK

                      By: _____
                                Deputy Clerk

Reply to South Bend Office

1108 E. Ross Adair Federal Bldg. • 1300 S. Harrison Street • Fort Wayne, Indiana 46802 • (260) 423-3000 • Fax (260) 423-3007
5400 Federal Plaza • Suite 2300 • Hammond, Indiana 46320 • (219) 852-6500 • Fax (219) 852-6509
102 Robert A. Grant Federal Bldg. • 204 South Main Street • South Bend, Indiana 46601 • (574) 246-8000 • Fax (574) 246-8002
214 Charles Halleck Federal Bldg. • 230 North Fourth Street • P.O. Box 1498 • Lafayette, Indiana 47902 • (765) 420-6250 • Fax (765) 420-6273



**MICHAEL W. DOBBINS**

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

FILED
2007 NOV -5 PM 3:59
STEP[...]
FOR TH[...] CLERK
[...] DISTRICT

312-435-5698

Mr. Stephen R. Ludwig
Clerk
United States District Court
102 Robert A. Grant Federal Building
 and United States Courthouse
204 South Main Street
South Bend, IN 46601
October 30, 2007

FILED
NOV 0 8 2007
[...] DOBBINS
[...] DISTRICT COURT

Dear Clerk:

Re:   USA  vs.   Chan Lop Tzan aka Loptzan Chan

Our case number:   07 cr 698  - Northern District of Illinois

Dear Clerk:

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, Chan Lop Tzan aka Loptzan Chan , which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by: Yvette Pearson, Deputy Clerk

Enclosure

| PROB 22 (Rev. 2/88) | TRANSFER OF JURISDICTION | DOCKET NUMBER (Tran. Court) 3:05CR51-1 |
|---|---|---|
| | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Tzan, Chan Lop a/k/a Chan, Loptzan | DISTRICT NORTHERN DISTRICT OF INDIANA | DIVISION SOUTH BEND |
|---|---|---|
| | NAME OF SENTENCING JUDGE HONORABLE CHIEF JUDGE ROBERT L. MILLER, Jr | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 01/20/2006 — TO 01/19/2009 |

MAGISTRATE JUDGE DENLOW
JUDGE DER-YEGHIAYAN
07CR 698

OFFENSE

Trafficking in Contraband Cigarettes, Aiding & Abetting 18:2342 & 2

FILED
JN OCT 2 3 2007
October 23, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois [Chicago] upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

DOCKETED
OCT 3 0 2007

_October 4, 2007_
Date

_/s/_
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE CHICAGO

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

OCT 2 3 2007
Effective Date

_James F. Holderman_
United States District Judge

1

TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (South Bend)
## CRIMINAL DOCKET FOR CASE #: 3:05-cr-00051-RLM All Defendants
## Internal Use Only

Case title: United States of America v. Chan

Date Filed: 05/12/2005
Date Terminated: 01/20/2006

Assigned to: Judge Robert L Miller Jr
Referred to: Magistrate Judge Christopher A Nuechterlein

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I Certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By _____
DEPUTY CLERK
Date 11-6-07

**Defendant**

**Loptzan Chan (1)**
*TERMINATED: 01/20/2006*

represented by Fred R Hains
Hains Law Firm LLP
125 North St Peter Street
South Bend, IN 46617-2910
574-234-7606
Fax: 574-282-1360
Email: fhains@hainslawfirm.com
*TERMINATED: 01/20/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

18:2342(a) and 2 TRAFFICKING IN CONTRABAND CIGARETTES and AIDING and ABETTING; 18:981(a)(1)(C) and 2344(c) and 28:2461(c) FORFEITURE ALLEGATION (1)

**Disposition**

defendant placed on probation for a period of 3 years, with conditions

**Highest Offense Level**

**(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:2342(a) and 2 TRAFFICKING IN CONTRABAND CIGARETTES and AIDING and ABETTING; 18:981(a)(1)(C) and 2344(c) and 28:2461(c) FORFEITURE ALLEGATION (2) | dismissed on government motion |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Miscellaneous Party**

| **Loptzan Chan** | represented by | **Loptzan Chan**<br>468 W 24th Street<br>Chicago, IL 60616<br>PRO SE |
|---|---|---|

**Plaintiff**

| **United States of America** | represented by | **Kenneth M Hays - AUSA**<br>US Attorney's Office - SB/IN<br>M01 Federal Building<br>204 S Main Street<br>South Bend, IN 46601-2191<br>574-236-8287<br>Fax: 574-236-8155<br>Email: kenneth.hays@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

| Date Filed | # | Docket Text |
|---|---|---|
| 05/12/2005 | 1 | SEALED INDICTMENT as to Chan Tzan (1) count(s) 1-2 with forefeiture allegation (lpw) Additional attachment(s) added on 5/19/2005 (ksc, ). (Entered: 05/13/2005) |
| 05/12/2005 | 2 | MOTION to Seal by United States of America as to Chan Tzan until the arrest of the defendant. (lpw) Additional attachment(s) added on 5/19/2005 (ksc, ). (Entered: 05/13/2005) |
| 05/12/2005 | 3 | ORDER granting 2 Motion to Seal as to Chan Tzan (1). Signed by Judge Christopher A Nuechterlein on 5/12/05. (lpw) Additional attachment(s) added on 5/19/2005 (ksc, ). (Entered: 05/13/2005) |
| 05/13/2005 | 4 | Arrest Warrant Issued in case as to Chan Tzan. (lpw) (Entered: 05/13/2005) |
| 05/17/2005 |  | Arrest of Chan Tzan (smb) (Entered: 05/17/2005) |
| 05/17/2005 |  | Judge update in case as to Chan Tzan. Judge Christopher A Nuechterlein added. (smb) (Entered: 05/17/2005) |
| 05/17/2005 |  | Case unsealed as to Chan Tzan (smb) (Entered: 05/17/2005) |
| 05/17/2005 | 5 | Initial Appearance as to Chan Tzan held on 5/17/2005 before Magistrate Judge Paul R Cherry. Defend in person w/out cnsl. Govt by AUSA K Hays. P Pramuk USPT. Defend adv rights, charges, penalties. Defend will retain counsel-CJA 23 Fin Aff on file. Defend released $20,000 Appearance Bond w/pretrial supervision. Arraignment set for 5/25/2005 02:00 PM in South Bend before Magistrate Judge Christopher A Nuechterlein. No interpreter needed. (#Digitally Recorded.) (smb) (Entered: 05/17/2005) |
| 05/17/2005 | 6 | Appearance Bond Entered as to Chan Tzan in amount of $20,000. (plm, ) (Entered: 05/18/2005) |
| 05/17/2005 | 7 | ORDER Setting Conditions of Release . Signed by Judge Paul R Cherry on 5/17/05. (plm, ) (Entered: 05/18/2005) |
| 05/24/2005 | 8 | MOTION for "Ends of Justice" Finding Pursuant to Title 18, United States Code, Section 3161(H)(8) by United States of America as to Chan Tzan. (Hays, Kenneth) (Entered: 05/24/2005) |
| 05/25/2005 |  | Case unsealed as to Chan Tzan per request from chambers. |

| | | (jld) (Entered: 05/25/2005) |
|---|---|---|
| 05/25/2005 | 9 | Arraignment held on 5/25/2005 before Judge Christopher A Nuechterlein : Dft present w/o counsel; Complete Finl Afdt; Defendant GRANTED appt of counsel; Arraignment reset for 5/31/2005 02:00 PM in South Bend before Magistrate Judge Christopher A Nuechterlein. (Tape #FTR 5/25/2005.) (slm, ) (Entered: 05/25/2005) |
| 05/25/2005 | 10 | ORDER as to Chan Tzan "Ends of Justice" Finding Pursuant to Title 18, United States Code, Section 3161(H)(8) filed by United States of America, . Signed by Judge Christopher A Nuechterlein on 5/25/2005. (slm, ) (Entered: 05/25/2005) |
| 05/27/2005 | 11 | CJA 20 as to Chan Tzan: Appointment of Attorney Fred R Hains for Chan Tzan. . Signed by Judge Christopher A Nuechterlein on 5/27/2005. (slm, ) (Entered: 05/31/2005) |
| 05/31/2005 | 12 | Arraignment as to Chan Tzan (1) held on 5/31/2005 before Judge Christopher A Nuechterlein : Parties present; Defendant enters NOT GUILTY PLEA as to all counts; Pretrial Motions due by 6/20/2005. (3 day) Jury Trial set for 11/7/2005 09:30 AM in South Bend before Judge Robert L Miller Jr. (Tape #FTR 5/31/2005.) (slm, ) (Entered: 05/31/2005) |
| 05/31/2005 | 13 | ORDER ON DISCOVERY as to Chan Tzan . Signed by Judge Christopher A Nuechterlein on 5/31/2005. (slm, ) (Entered: 05/31/2005) |
| 10/13/2005 | 14 | PLEA AGREEMENT as to Chan Tzan (Hays, Kenneth) (Entered: 10/13/2005) |
| 10/13/2005 | 15 | NOTICE OF HEARING as to Chan Tzan(01): Change of Plea Hearing set for 10/20/2005 11:00 AM in South Bend before Chief Judge Robert L Miller Jr. (arl, ) (Entered: 10/13/2005) |
| 10/20/2005 | 16 | NOTICE OF HEARING as to Chan Tzan(01): Change of Plea Hearing reset for 10/28/2005 10:00 AM in South Bend before Chief Judge Robert L Miller Jr. (arl, ) (Entered: 10/20/2005) |
| 10/27/2005 | 17 | NOTICE OF HEARING as to Chan Tzan(01): Change of Plea Hearing reset, on the court's own motion fr0m 10/28/2005 to 11/4/2005 01:30 PM (South Bend Time) in South Bend before Chief Judge Robert L Miller Jr. (arl, ) (Entered: 10/27/2005) |
| 11/04/2005 | 18 | CHANGE OF PLEA HEARING as to Loptzan Chan(01) held on 11/4/2005 before Chief Judge Robert L. Miller, Jr.: parties |

| | | |
|---|---|---|
| | | present; interpreter Keping Qui sworn; defendant placed under oath; defendant advised of possible penalties and of his trial rights; Guilty Plea entered by Loptzan Chan(1) as to Count 1 and the court ACCEPTS the guilty plea; Count to be dismissed at sentencing is Count 2; Government appeared by attorney Kenneth Hays; Defendant appeared by attorney Fred Hains; Lesley Martin appeared on behalf of U S Probation; Sentencing hearing set for 1/20/2006 01:00 PM (South Bend Time) in South Bend before Chief Judge Robert L Miller Jr.; jury trial date of 11/7/2005 is hereby VACATED; defendant current release status unchanged. (Court Reporter D. Bonk.) (arl, ) (Entered: 11/09/2005) |
| 11/15/2005 | 19 | TRANSCRIPT of Proceedings as to Loptzan Chan held on 11/4/05 before Judge Robert L Miller Jr. Court Reporter: Debra Bonk. (smp) (Entered: 11/18/2005) |
| 01/06/2006 | 20 | SENTENCING MEMORANDUM by Loptzan Chan (Hains, Fred) (Entered: 01/06/2006) |
| 01/18/2006 | 21 | MOTION for a Final Order of Forfeiture by United States of America as to Loptzan Chan. (Hays, Kenneth) (Entered: 01/18/2006) |
| 01/20/2006 | 22 | SENTENCING hearing held on 1/20/2006 for Loptzan Chan (1) before Chief Judge Roberf L. Miller, Jr.: parties present; TIP Soo Chan Knowles sworn as interpreter for this proceeding; no objections to the presentence report; the court hears from parties prior to sentence; no objections to the proposed sentence; on Count 1 the defendant is placed on probation for a period of 3 years, with conditions; defendant to pay a $100 special assessment due immediately and to be made payable to Clerk, U.S. District Court; defendant to pay restitution in the sum of $5,148.00, together with interest as required by law to be made payable to Clerk, U.S. District Court for disbursement to the Illinois Department of Revenue; the defendant shall make restitution payments of not less than $10 per month; the defendant shall forfeit to the United States the sum of $5,140.00; Government appeared by attorney Kenneth Hays; Defendant present and appeared with attorney Fred Hains; Kevin Reed appeared on behalf of U S Probation. (Court Reporter Gen Sones.) (arl, ) (Entered: 01/23/2006) |
| 01/20/2006 | 23 | FINAL ORDER OF FORFEITURE for ENTRY OF PERSONAL MONEY JUDGMENT [document #21 motion] . |

|  |  |  |
|---|---|---|
|  |  | Signed by Chief Judge Robert L Miller Jr on 1/20/06. (3 certified copies to AUSA/SB) (arl, ) (Entered: 01/23/2006) |
| 01/20/2006 | 24 | SENTENCING MEMORANDUM as to Loptzan Chan(01) . Signed by Chief Judge Robert L Miller Jr on 1/20/06. (arl, ) (Entered: 01/23/2006) |
| 01/20/2006 | 25 | ORDER DISMISSING COUNTS for Loptzan Chan (1); Count 2 dismissed on government motion . Signed by Chief Judge Robert L Miller Jr on 1/20/06. (arl, ) (Entered: 01/23/2006) |
| 01/20/2006 | 26 | JUDGMENT as to Loptzan Chan (1). Signed by Chief Judge Robert L Miller Jr on 1/20/06. (arl, ) (Entered: 01/23/2006) |
| 01/20/2006 |  | (Court only) ***JS-3 Closing Information Updated ***Case Terminated (arl, ) (Entered: 01/23/2006) |
| 03/23/2006 | 27 | Mail Returned as Undeliverable (Receipts #3329493 and #3329492). Mail sent to Loptzan Chan (No such number) (smp) (Entered: 03/24/2006) |
| 04/17/2006 | 28 | Mail Returned as Undeliverable (Receipt #3330164). Mail sent to Loptzan Chan (No such number). Re-sent to 468 W 24th St. Chicago, IL 60616 (smp) (Entered: 04/18/2006) |
| 11/27/2006 | 29 | Mail Returned as Undeliverable (Receipt #3332829). Mail sent to Loptzan Chan. Re-sent to 468 W 24th Street, Chicago IL 60616 (smp) (Entered: 11/28/2006) |
| 10/04/2007 | 30 | ORDER TRANSFERRING JURISDICTION as to Loptzan Chan upon acceptance by the USDC for Northern District of Illinois (Chicago). Signed by Judge Robert L Miller Jr on 10/4/07. (smp) (Entered: 10/05/2007) |
| 10/05/2007 | 31 | Letter from USDC-South Bend sending 2 originally signed Orders Transferring Jurisdiction to USDC, Northern District of Illinois (Chicago). (smp) (Entered: 10/05/2007) |
| 11/05/2007 | 32 | Probation Jurisdiction Transferred to Northern District of Illinois (Eastern Division) as to Loptzan Chan Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (smp) (Entered: 11/06/2007) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**FILED IN OPEN COURT**
MAY 1 2 2005
STEPHEN R. LUDWIG, Clerk
NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA | ) | INDICTMENT |
| :--- | :--- | :--- |
| | ) | Case Number: |
| v. | ) | |
| | ) | 3:05CR0051RM |
| CHAN TZAN | ) | 18 U.S.C. § 2342(a) |
| | ) | 18 U.S.C. § 2 |

**THE GRAND JURY CHARGES:**

<u>Count 1</u>

On or about the 3rd day of March 2003, in the Northern District of Indiana and elsewhere, the defendant,

**CHAN TZAN,**

did knowingly and unlawfully ship, transport, receive, possess, sell, distribute, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341, to wit: in a quantity in excess of sixty thousand (60,000) cigarettes and in the approximate amount of 390 cartons or 78,000 individual contraband cigarettes which bore no evidence of the payment of applicable state cigarette taxes.

All in violation of Title 18, United States Code, Sections 2342(a) and 2.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**
I Certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By _____
DEPUTY CLERK
Date 11-6-07

**THE GRAND JURY FURTHER CHARGES:**

<u>Count 2</u>

On or about the 2nd day of May 2003, in the Northern District of Indiana and elsewhere, the defendant,

**CHAN TZAN,**

did knowingly and unlawfully ship, transport, receive, possess, sell, distribute, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341, to wit: in a quantity in excess of sixty thousand (60,000) cigarettes and in the approximate amount of 510 cartons or 102,000 individual contraband cigarettes which bore no evidence of the payment of applicable state cigarette taxes.

All in violation of Title 18, United States Code, Sections 2342(a) and 2.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in this Indictment, defendant

**CHAN TZAN,**

shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2344(c) and 28 U.S.C. § 2461(c), all contraband cigarettes and all property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s) involved in the commission of any of the offenses, including but not limited to the following:

1. MONEY JUDGMENT

A sum of money equal to $60,000 in United States currency, representing the amount of proceeds obtained as a result of the offense(s) listed in this Indictment above for which the defendant is liable.

2. BANK ACCOUNTS

All United States currency funds or other monetary instruments credited to account number 8380070202 in the name of Chan Tzan at the Charter One Bank, 1 Grant Square, Hillsdale, IL 60521.

3. CONVEYANCES

A 1996 Chrysler minivan, formerly bearing Illinois license plate number ARJ376 and bearing vehicle identification number 1B4GP45RXTB119415.

4. SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above, including but not limited to the following:

All United States currency funds or other monetary instruments credited to account number 8380070202 in the name of Chan Tzan at the Charter One Bank, 1 Grant Square, Hillsdale, IL 60521.

A 1996 Chrysler minivan, formerly bearing Illinois license plate number ARJ376 and bearing vehicle identification number 1B4GP45RXTB119415.

A TRUE BILL:

s/Foreperson
FOREPERSON


JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY


By:  s/Kenneth M. Hays
     Kenneth M. Hays
     Assistant United States Attorney

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__       District of       __INDIANA__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| | Case Number: 3:05-CR-00051(01)RM |
| CHAN TZAN (LOPTZAN CHAN) | USM Number: 08328-027 |
| | Fred R. Hains |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)    1

☐  pleaded nolo contendere to count(s)
    which was accepted by the court.

☐  was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2342 and 2 | Trafficking in Contraband Cigarette and Aiding and Abetting Therein | 03-03-03 | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

X  Count(s)   2      X is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 20, 2006
Date of Imposition of Judgment

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
I Certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By _____
DEPUTY CLERK
Date  11-6-07

/s/ Robert L. Miller, Jr.
Signature of Judge

ROBERT L. MILLER, JR., CHIEF JUDGE
Name and Title of Judge

January 20, 2006
Date

AO 245B  (Rev. 06/05) Judgment in a Criminal Case case 3:05-cr-00051-RLM-CAN   document 26   filed 01/20/2006   page 2 of 4
Sheet 4—Probation

Judgment—Page __2__ of __4__

DEFENDANT: CHAN TZAN (LOPTZAN CHAN)
CASE NUMBER: 3:05-CR-00051(01)RM

# PROBATION

The defendant is hereby sentenced to probation for a term of :   three (3) years

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __3__ of __4__

DEFENDANT: CHAN TZAN (LOPTZAN CHAN)
CASE NUMBER: 3:05-CR-00051(01)RM

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 5,148.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X   The defendant shall make special assessment and restitution payment(s) payable to Clerk, U.S. District Court, 102 Robert A. Grant Federal Building, 204 S. Main Street, South Bend, Indiana 46601. The special assessment and restitution shall be due immediately. Restitution for the following payee(s) in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Illinois Department of Revenue. The defendant shall make the restitution payments together with interest required by law. The defendant shall make restitution payments of not less than $10.00 per month, and shall notify the United States Attorney for this district within 30 days of any change in mailing or residence address that occurs while any portion of the restitution remains unpaid. |  | 5,148.00 |  |
| **TOTALS** | $ | $ 5,148.00 |  |

X   Restitution amount ordered pursuant to plea agreement   $ 5,148.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page  4  of  4

DEFENDANT:      CHAN TZAN (LOPTZAN CHAN)
CASE NUMBER:    3:05-CR-00051(01)RM

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

It is further ordered, adjudged and decreed that the defendant shall forfeit to the United States the sum of $5,148.00; that this court shall retain jurisdiction in the case for the purpose of enforcing this order; and that pursuant to Rule 32.2.(b)(3), the order of forfeiture shall become final as to the defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this order of forfeiture to substitute property having a valve not to exceed $5,148.00 to satisfy the money judgment in whole or in part.